FILED
OCT 3 0 2007
OCT. 30, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

| | |
|---|---|
| ROBERTO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>CITY OF CHICAGO;<br>Chicago Police Officers<br>PAUL ZOGG, Star #9345;<br>MARGARET HOPKINS, Star #5545;<br>DONOVAN MARKIEWICZ, Star #17092;<br>FRANK VILLAREAL, Star #10438;<br>JEROME FINNIGAN, Star # 5167;<br>KEITH HERRERA, Star # 17289;<br>STEPHEN DEL BOSQUE, Star #15332;<br>JOEL GONZALEZ, Star #5301;and<br>TIM PARKER, Star #6499:<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

07CV6138
JUDGE ASPEN
MAG. JUDGE DENLOW

Jury Demand

## COMPLAINT

1.　This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2.　Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.　Plaintiff is a United States citizen, and a resident of the city of Chicago.

5.　Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.　The Defendant-Officers are sued in their individual capacities.

7.　The CITY OF CHICAGO is a municipal corporation, duly incorporated under the

laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Background

8. This case involves allegations against police officers who worked in the Chicago Police Department Special Operations Section (SOS). The incident alleged below was part of a pattern and practice of gross abuse of power by SOS officers, who essentially ran a robbery ring which entailed illegally entering person's homes; conducting illegal searches of homes, vehicles, and persons; making false arrests; stealing narcotics, jewelry, weapons, money (hundreds of thousands of dollars) and other valuables; planting drugs on innocent people; as well as physical abuse and intimidation. Indeed, in most cases that have been exposed, its been shown that SOS officers repeatedly used force, violence, threats and their guns to intimidate, terrorize, tyrannize, bully and petrify their victims – including Plaintiff.

After an alleged internal investigation that suspiciously took several years (which allowed the rogue police officers to remain on the street and continue their reign of terror), finally on September 8, 2006, four Special Operations Section officers were arrested and charged: Defendants JEROME FINNIGAN, KEITH HERRERA, as well as, Thomas Sherry and Carl Suchocki. These officers were charged with a long list of felonies, including, *inter alia*, multiple counts of home invasion, armed violence, aggravated kidnaping, narcotics delivery, burglary, and official misconduct. The charged conduct took place over a period from about 2002 to 2005, and involved about 14 different incidents. Following the arrests, bond for Defendant JEROME FINNIGAN was set at $3,000,000.00, bond for KEITH HERRERA was set at $3,000,000.00, bond for Thomas Sherry was set at $2,000,000.00, and bond for Carl Suchocki was set at $1,500,000.00. After these initial charges, the investigation continued. Numerous civilian-victims and more than a dozen police officers testified before the Cook County grand jury and implicated the SOS officers for the conduct described above. These police officers undoubtedly feared that they also would be prosecuted, and broke the sacred CPD code of silence.

On or about December 4, 2006, a second round of charges led to the arrest of three additional SOS officers: Defendants FRANK VILLAREAL, MARGARET HOPKINS, as well as James McGovern. In addition, even more charges were filed against JEROME FINNIGAN, KEITH HERRERA, Thomas Sherry and Carl Suchocki. The second round of charges were similar to the first, and included, *inter alia*, multiple counts of home invasion, armed violence,

aggravated kidnaping, narcotics delivery, burglary, and official misconduct.

**Facts**

9. On or about November 1, 2005, at about 2:30 p.m., Plaintiff got in his car and left his house located at 3109 North Newcastle Avenue, Chicago.

10. As Plaintiff turned onto Newcastle from Berry, he was stopped by around five Chicago police cars.

11. The Defendant-Officers exited their cars with their guns drawn and pointed at Plaintiff.

12. One of the Defendant-Officers opened Plaintiff's drivers-side door and pulled Plaintiff out of his car.

13. The Defendant-Officer slammed Plaintiff onto the trunk of his's car.

14. Plaintiff was not free to leave.

15. Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

16. Some of the Defendant-Officers searched Plaintiff's person.

17. Other Defendant-Officers searched his car.

18. During the search of Plaintiff's person, Defendant-Officers removed Plaintiff's pants and shoes.

19. During the search of Plaintiff's person, a Defendant-Officer found Plaintiff's keys to his house.

20. During the search of Plaintiff's person Defendant-Officers also discovered and seized about $1,200.00 in cash.

21. The Defendant-Officer that took Plaintiff's keys unlocked Plaintiff's house and, along with the other Defendant-Officers, entered his house and searched it.

22. Defendant-Officers did not have a search warrant, probable cause, exigent circumstances, or any other legal justification to search Plaintiff's home.

23. Inside Plaintiff's house, Defendant-Officers found and seized an additional $1,000.00 in cash.

24. Plaintiff was placed into the back of the one the Defendant-Officers police car.

25. While Plaintiff was sitting in the police car, two Defendant-Officers asked Plaintiff where they could find more drugs, guns, or money.

26. The Defendant-Officers said that they would let Plaintiff go if he told them a name of a person where they could find more drugs, guns, or money.

27. After the Defendant-Officers finished searching Plaintiff's home, they drove to a residence on Mobile Street in the city of Chicago.

28. The Defendant-Officers searched the residence on Mobile Street.

29. Plaintiff remained in the back of a police car while they searched the Mobile Street residence.

30. After the Defendant-Officers finished searching the Mobile residence, Defendant-Officers drove Plaintiff to Dunkin' Doughnuts.

31. The Defendant-Officers ate at Dunkin' Doughnuts while Plaintiff remained in the back of the police car.

32. Once the Defendant-Officers were finished at Dunkin' Doughnuts, they transported Plaintiff to 25th District Chicago police station.

33. Plaintiff asked if they were going to release him since he provided the Defendant-Officers with a name.

34. Defendant HOPKINS told Plaintiff that they were charging Plaintiff with possession.

35. Of the approximately $2,200.00 that the Defendant-Officers seized from Plaintiff, only $525.00 was inventoried.

36. The Defendant-Officer conspired and acted together to cover up the illegal search of Plaintiff without probable cause or legal authority.

37. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

38. Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

39. As a direct and proximate result of the acts of the Defendants described above,

Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and special damages including, attorneys' fees, and monies posted for bond.

### COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

40.  Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

41.  Defendant-Officers were not aware of specific and articulable facts which suggested that Plaintiff was about to commit a crime or had committed a crime.

42.  Defendant-Officers did not have a lawful basis to stop or seize Plaintiff.

43.  The actions of Defendant-Officers in seizing Plaintiff without any legal justification or probable cause, violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

### COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

44.  Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

45.  The actions of Defendant-Officers violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Illegal Search of Person)

46. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

47. The actions of Defendant-Officers in searching Plaintiff's person without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Illegal Search of Vehicle)

48. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

49. The actions of Defendant-Officers in searching Plaintiff's vehicle without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)  Enter judgment against Defendant-Officers;

b)  Award compensatory and punitive damages, as determined at trial;

c)  Award attorneys' fees and costs;

d)  Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Illegal Search of Home)

50. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

51. The Defendant-Officers did not have a search warrant, consent, exigent circumstances, or any other legal justification to search Plaintiff's home.

52. The actions of Defendant-Officers in searching Plaintiff's home without any legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VI
### (42 U.S.C. § 1983 – Civil Conspiracy)

53. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

54. Defendant-Officers knowingly and intentionally schemed and worked together in a common plan to illegally search Plaintiff and Plaintiff's home.

55. The Defendant-Officer, then conspired and acted together to cover up the illegal search of Plaintiff without probable cause or legal authority.

56. Defendant made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up his own misconduct.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers;

b) Award compensatory and punitive damages, as determined at trial;

c) Award attorneys' fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT VII
### (42 U.S.C. § 1983 – Substantive Due Process, Arbitrary Abuse of Power)

57. Plaintiff realleges paragraphs 1 through 39 as if fully set forth herein.

58. The conduct described above was an egregious arbitrary abuse of government power that shocks the conscience.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against said Defendant-Officers;

b) Award Plaintiff compensatory and punitive damages, as determined at trial;

c) Award Plaintiff attorney's fees and costs;

d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (42 U.S.C. § 1983 – *Monell* Claim against the City of Chicago)

59. Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

60. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

   a. stopping, detaining, arresting, and searching civilians without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

   b. searching civilians' homes without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

   c. arbitrary use of excessive force against arrestees, detainees and other civilians;

   d. denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons;

   e. mental abuse, oral abuse and assault of arrestees, detainees, and other civilians;

    f.    preparing false and incomplete police reports to cover up police misconduct including unconstitutional searches and seizures;

    g.    not preparing police reports, and false denial that an incident of misconduct even took place, in attempt to suppress and conceal police misconduct including unconstitutional searches and seizures,

    h.    filing false charges and pursuing baseless prosecutions in order to protect police officers from claims of improper conduct and avoid liability;

    i.    a *code of silence* in which police officers fail to report police misconduct including the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - h above;

    j.    said *code of silence* also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct, and protect themselves and other officers;

    k.    failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed in sub-paragraphs a - h above;

    l.    failure to adequately train and supervise police officers to rectify the malfeasance described in sub-paragraphs a - h above;

    m.    failure to adequately investigate citizen complaints against police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - i above;

    n.    failure to adequately discipline police officers for the type of misconduct alleged by Plaintiff in this Complaint, and described in sub-paragraphs a - i above;

    o.    through the Office of Professional Standards (OPS), conducting inherently deficient investigations of citizen complaints of police misconduct in which an officer is disciplined in a minuscule percentage of cases, thereby encouraging even more police misconduct;

    p.    failure to deter police officers from the type of misconduct alleged in this Complaint, and described in sub-paragraphs a - i above, by its lack of discipline for police misconduct, and defective OPS investigations.

61.    The actions of the Defendant-Officers as alleged in this Complaint were done

pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the City of Chicago, the Chicago Police Department, and its police officers.

62. One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the aldermen, the Chicago Police Department, the Chicago Police Board (to which the City of Chicago has delegated *de jure* final policy-making authority for the Chicago Police Department); the members of the Chicago Police Board, the Office of Professional Standards, and Superintendent Phil Cline (to whom the City of Chicago has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

63. The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the City of Chicago.

64. The municipal policy-makers of the City of Chicago acted with deliberate indifference to the rights of Plaintiffs in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

65. By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against the City of Chicago;
b) Award Plaintiff compensatory damages, as determined at trial;
c) Award Plaintiff attorney's fees and costs;
d) Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law *Respondeat Superior* Claim)

66. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

67. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO, as principal, is

liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against the CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

### COUNT X
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

68. Plaintiff realleges all of the above paragraphs and counts as if fully set forth herein.

69. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

70. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands trial by jury on all counts.**

Respectfully submitted,

/s/ Louis J. Meyer
Louis J. Meyer
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595

2:01 pm
Tuesday, October 30, 2007

-11-