IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CV 6138 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendants. | ) | |

### DEFENDANT MARGARET HOPKINS' MOTION TO STAY

NOW COMES the Defendant, Margaret Hopkins ("Hopkins"), by and through her attorneys, the Law Offices of Joseph V. Roddy, and in her Motion to Stay discovery and the filing of her Answer to the Complaint, states as follows:

Plaintiff has sued Hopkins for alleged violations of his constitutional rights, asserting §1983 and state law claims. Hopkins is an indicted officer in the Criminal Court of Cook County on charges arising out of the incident alleged in the Plaintiff's Complaint. Hopkins will be prejudiced if she is forced to file her Answer to the Complaint and if discovery proceeds in this case while the criminal proceedings and investigations are pending.

**HOPKINS SHOULD NOT BE REQUIRED TO ANSWER THE COMPLAINT OR TO PROCEED WITH DISCOVERY UNTIL AFTER THE CRIMINAL CHARGES AND INVESTIGATIONS HAVE BEEN RESOLVED.**

**A.   A Stay is the Appropriate Means of Protecting Hopkins' Rights**

If Hopkins is forced to answer the Complaint she will be forced to invoke the Fifth Amendment to avoid incriminating herself in the criminal proceedings. The Fifth Amendment not only protects the individual against being involuntarily called to testify against herself in a criminal prosecution, but also privileges her not to answer official questions put to her in any

other proceeding, civil or criminal, formal or informal, where the answers might incriminate her in future criminal proceedings. *Leftkowitz v. Turley*, 414 U.S. 70, 77 (1973). Obviously the downside of pleading the 5th Amendment, as stated in *Securities & Exchange Comm'n v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998), is that, "Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw negative inferences from their failure of proof."

This Court must stay the civil proceedings in the interest of protecting Hopkins' rights under the Fifth Amendment and in the interest of affording her an opportunity to defend the civil case without the negative inference that can result from pleading the Fifth Amendment. As *Securities & Exchange Comm'n v. Dresser Indust., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980) teaches, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Accordingly, it is clearly appropriate to invoke a stay of the civil proceedings, including the filing of the Answer and discovery in this case.

  **B.  The Relevant Factors Warrant the Invocation of a Stay in the Present Matter**

The Court must consider six factors in its analysis of whether it should invoke a stay of the entire civil proceedings, including: (1) whether the two actions involve the same subject matter and whether the two actions are brought by the government; (2) the posture of the criminal proceeding; (3) the effect on the public interests at stake if a stay were to be issued; (4) judicial

efficiency; (5) the interest of the plaintiffs in proceeding expeditiously with the litigation and the potential prejudiced to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants. *Cruz v. County of DuPage,* 1997 WL370194, at 2 (N.D. Ill. June 27, 1997) citing *Nowaczyk v. Matingas,* 146 F.R.D. 169, 174 (N.D. Ill. 1993).

In the case at bar, all six factors set out in *Cruz* weigh heavily in favor of invoking a stay as to Hopkins. The first and second factors are met because presently, criminal charges and state and federal criminal investigations relative to the conduct of various SOS officers are currently ongoing. Hopkins has been indicted relative to the conduct alleged in the present matter and is currently awaiting the outcome of her criminal case. Accordingly, Hopkins will not be able to answer the allegations in this matter or proceed with discovery without fear of self-incrimination.

As to the public interests at stake in the third factor, the most significant public interest at issue is ensuring that an individual's right to invoke the 5th Amendment without fear of retribution is safeguarded. Hopkins and the other officers should not be forced to suffer the potential negative effects of invoking their 5th Amendment privilege in this civil proceeding in order to ensure that their liberty is not at stake in the criminal matters. Another relevant concern is whether a stay would enable the defendants to engage in some continuing wrong. *Cruz*, 1997 WL370194 at 3. In light of the currently ongoing criminal proceedings against Hopkins as well as the fact that the nature of this litigation has been reported in various media outlets, it is highly unlikely that she would engage in any criminal wrongdoing. Moreover she is no longer a police officer.

Invoking a stay in this matter would also be in accordance with judicial efficiency and not contrary to it. Most, if not all, of the individual defendants in this case will likely be asserting

their 5th Amendment privilege when answering the Complaint and when answering discovery. Permitting a stay in this matter will reduce unnecessary court proceedings regarding discovery disputes and issues of privilege. A stay may also serve to ultimately simplify the issues and reduce discovery necessary to this matter.

The fifth and sixth factors are also met because the Plaintiff's interest in proceeding with this lawsuit is overshadowed by Hopkins' privilege against self-incrimination which is a "cherished fundamental right." *North River Insurance Co., Inc. v. Stefanou*, 831 F.2d 484, 486 (4th Cir. 1987). Since the privilege against self-incrimination is a fundamental right, it outweighs the plaintiff's interest in proceeding with this case, at least until the criminal proceedings and investigations are complete.

Requiring Hopkins to file an answer at this time is unduly burdensome in light of the negative inference that will arise when she is forced to plea the Fifth Amendment in her responsive pleadings. Hopkins has the right to defend the civil proceeding as vigorously as possible and forcing her to answer and proceed with discovery by refusing to stay the proceedings would greatly impede her ability to fairly and fully defend this litigation.

WHEREFORE, the Defendant, Margaret Hopkins, respectfully requests that this Court stay this matter, specifically staying the requirement that Hopkins file an Answer to the Complaint or proceed with discovery, pending resolution of the criminal charges against her.

    Respectfully submitted,

    /s/ Joseph V. Roddy

THE LAW OFFICES OF JOSEPH V. RODDY
77 West Washington Street, Suite 1100
Chicago, Illinois 60602
312.368.8220