IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CV 6138 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Marvin E. Aspen |
| | ) | |
| Defendants. | ) | |

**MARGARET HOPKINS' REPLY IN SUPPORT OF HER MOTION TO STAY**

NOW COMES the Defendant, MARGARET HOPKINS, by and through her attorneys, THE LAW OFFICES OF JOSEPH V. RODDY, and in her reply in support of her motion to stay states the following:

Plaintiff would have this court believe that an order of protection is sufficient to protect Hopkins' rights in the criminal proceedings that are currently pending. However, an order of protection is simply not sufficient to protect the rights of criminally indicted defendants. There are several concerns which arise when a plaintiff attempts to force a criminally indicted defendant to waive her Fifth Amendment privilege under the veil of a protective order. Specifically, grand jury subpoenas will override protections of civil protective orders to obtain evidence elicited during a civil proceeding. *See: In re: Grand Jury Subpoena*, 836 F. 2d 1468,1471 (4th Cir. 1988). Also, third parties may have protective orders modified for compelling reason in order to obtain access to protected materials for use in other collateral litigation. *See: Matter of Film Recovery Systems, Inc.*, 804 F. 2d 386 (7th Cir. 1986). Further, third parties may also have pretrial discovery material publicly disclosed under a good cause

1

review if the material is deemed admissible at trial or otherwise made a part of the record. *See: Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F. 3d 943, 945-946 (7th Cir. 1999).

Presently, there are ongoing federal and state investigations into the conduct of several former SOS officers. These investigations have already culminated in several arrests and indictments, but will likely result in several more indictments against several other officers, sergeants, lieutenants, etc. Hopkins has already been indicted directly for the conduct alleged in this case. Any statements made by Hopkins in this matter, whether written or oral, may be used against her in the criminal proceedings. Again, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Securities & Exchange Comm'n v. Dresser Indust., Inc.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980). There is no way to predict exactly what means the State will enlist to obtain evidence in its favor and against Hopkins, and there is no guarantee that the State will not delve into the civil proceedings to achieve that purpose.

Additionally, Hopkins, without a doubt, will be prejudiced in defending this civil proceeding if she is forced to answer the complaint and participate in discovery. Proceeding with discovery, other than the production of documents in the City's possession, would also be a waste of judicial resources in that there will doubtlessly be countless motions regarding claims of privilege, objections to discovery, failure to properly answer discovery, etc. The fact that the

unindicted and indicted defendants will likely all be pleading the Fifth Amendment until the criminal proceedings have concluded will also result in duplicative discovery as Plaintiff surely will seek to redepose defendants who pled the Fifth Amendment and to conduct additional discovery after the criminal proceedings have concluded.

Plaintiff, in his argument that a stay would not be in the best interest of the public, points to instances where Defendant Finnigan and Defendant Herrera intimidated and attempted to tamper with witnesses. Plaintiff also refers to Finnigan's arrest after he was recorded planning the murder of a fellow SOS officer that would be a witness against him in the criminal matter. Hopkins has never been accused of any such wrongdoing. In fact, the fact that Finnigan and Herrera were accused of attempting to intimidate witnesses in the criminal proceedings is even more reason why the civil proceedings should be stayed. Discovery materials in the civil proceedings are much more readily available to members of the public than grand jury testimony, therefore, in the interests of the Defendants' safety alone, the civil proceedings should be stayed until the criminal proceedings have concluded.

WHEREFORE, the Defendant, MARGARET HOPKINS, prays that this Honorable Court GRANT her Motion to Stay the filing of her answer and discovery until after the criminal proceedings have concluded.

Respectfully submitted,

/s/ Joseph V. Roddy

THE LAW OFFICES OF JOSEPH V. RODDY
77 W. Washington, Suite 1100
Chicago, IL 60602
312-368-8220