IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERTO GARCIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07 C 6138 |
| ) | |
| CITY OF CHICAGO, et al., ) | Judge Marvin E. Aspen |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION TO STAY**

Defendant, City of Chicago ("City"), by its attorneys, Terrence M. Burns of Dykema Gossett PLLC, for its motion to stay, states:

**BACKGROUND**

Plaintiff asserts § 1983 claims against Chicago Police Officers Stephen Del Bosque, Jerome Finnigan, Joel Gonzalez, Keith Herrera, Margaret Hopkins, Donovan Markiewicz, Tim Parker, Frank Villareal, and Paul Zogg. Plaintiff has also included the City as a defendant under a § 1983 *Monell* claim, an indemnification claims, and pursuant to *respondeat superior*.

Defendants Del Bosque, Gonzalez, Parker, Zogg, and Markiewicz have filed a motion to stay this case. (Dkt. 36.) Defendant Hopkins has also filed a motion to stay. (Dkt. 34.) In plaintiff's response to defendants' motions, plaintiff states that if the court should grant the individual defendants' motions, the stay should not apply to the City. (Pltf.'s Resp. 10, Dkt. 39.) The weight of the relevant factors, which warrants a stay for the individual defendants, also warrants a stay for the City and thus the City is compelled to move for a stay at this time.[1]

---

[1] The City did not file a motion to stay earlier because this Court granted its motion for extension of time to answer or otherwise plead pending the referral to Magistrate Judge Mason for a pretrial settlement conference. (Dkt. 22, 24.)

As discussed in the individual defendants' motions and plaintiff's response, the State of Illinois has indicted defendant officers Finnigan, Herrera, Hopkins, and Villareal, all former members of the Special Operations Section (SOS) of the Chicago Police Department. The state indictments contain accusations of armed violence, armed robbery, home invasion, residential burglary, theft, unlawful restraint, obstruction of justice, and official misconduct.

In addition, defendant Finnigan was recently charged by the federal government in a murder for hire scheme and he is currently in federal custody. (*U.S. v. Finnigan*, 07 CR 634, Dkt. 1, attached hereto as Ex. 1.) The federal criminal complaint charges that Finnigan allegedly solicited someone to murder one or more officers he believed were going to testify against him. *Id*. Among other things, the federal criminal complaint alleges that "Based upon discovery provided in the state cases, Finnigan was made aware that a now former Chicago Police Officer (hereinafter CW-1) will be a witness against Finnigan in the first of the state cases to proceed to trial." *Id*. at 3. It is alleged in the federal criminal complaint that Finnigan ordered a "paint job" (i.e., murder) on the officer he learned through discovery was cooperating and other officers he learned were cooperating. (*Id*. at 4).

Furthermore, according to the federal criminal complaint, "there is a federal investigation into the activities of the Special Operations Section." (*Id*. at 3).

I.  **THIS CASE SHOULD BE STAYED UNTIL AFTER THE CRIMINAL CHARGES AND INVESTIGATIONS HAVE BEEN RESOLVED.**

If this case proceeds, the City will have to defend itself without the full benefit of discovery from all defendant officers in this matter. In addition to the four indicted co-defendants, unindicted co-defendants could potentially assert a Fifth Amendment privilege as to any testimony related to the allegations in this case. As held by Judge Filip in granting a motion to stay in another SOS related case, upon information and belief, unindicted officers have no

2

assurance that they are not, or will not become, targets of the ongoing criminal investigation and grand jury proceedings. *Drake v. City of Chicago, et al.,* No. 06 C 6893, at 8 (N.D. Ill. June 11, 2007) (order granting stay, attached hereto as Ex. 2.); *see Leftkowitz. V. Turley*, 414 U.S. 70, 77 (1973) ("The Fifth Amendment not only protects the individual against being involuntarily called to testify against himself in a criminal prosecution, but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."). If defendant officers Del Bosque, Gonzalez, Parker, Zogg, and Markiewicz were to waive a Fifth Amendment privilege for purposes of discovery in this case, it would be waived in criminal matters as well. *U.S. v. Kordel*, 397 U.S. 1 (1970). Thus, nine of the ten defendants in this case are likely to assert their Fifth Amendment privilege.

    **A.    A Stay is the Appropriate Means of Protecting Fifth Amendment Rights and Ensuring a Fair Trial.**

This Court has broad discretion to stay proceedings in a civil action where there is an ongoing criminal investigation. Courts routinely endorse a stay of the civil proceeding as an appropriate means of addressing the Fifth Amendment dilemma created by parallel criminal prosecutions. *See, e.g., United States v. Kordel*, 397 U.S. 1, 9 (1970); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980). This Court, in *Adams v. City of Chicago, et al.*, 06 C 4856; *Guttierez v. City of Chicago, et al.*, 06 4338; and *Hernandez v. Villareal, et al.*, 07 4537, and several other judges in this district have stayed cases in which these defendants and other SOS police officers are criminal and civil defendants. *Drake v. City of Chicago, et al.*, 06 C 6893 (Judge Filip) (*see* Dkt. 56, Ex. 2); *Hamilton v. Chicago Police Officers, et al.*, 07 C 4743 (Judge Castillo); *Guerrero v. City of Chicago, et al.*, 07 C 1015 (Judge Kocoras) (now settled); *Ontivero-Artal v. Herrera, et al.*, 06 C

7036 (Judge Kendall) (now settled); *Castro v. City of Chicago, et al.*, 07 C 931 (Judge Kendall) ) (*see* Dkt. 50, attached hereto as Ex. 3).

### B. The Relevant Factors Warrant a Stay Here.

In determining whether a stay should be granted in a civil case based on the existence of a criminal proceeding, the court considers several factors.[2] These factors are: 1) whether the two actions involve the same subject matter, 2) whether the two actions are brought by the government, 3) the posture of the criminal proceeding, 4) the plaintiff's interests and possible prejudice to the plaintiff, 5) the burden that may be imposed on the defendant, and 6) the public interest at stake. *See Nowaczyk v. Matingas*, 146 F.R.D. 169, 174 (N.D. Ill. 1993); *Cruz,* 1997 WL 370194 (N.D. Ill. 1997); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 1997); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). These factors warrant a stay as to all defendants in this case.

#### 1. The Civil Action Involves the Same Subject Matter as the Criminal Investigation.

Plaintiff agrees that the two actions involve the same subject matter. (Pltf.'s Resp. 4.) The indictments of Finnigan, Herrera, Hopkins, and Villareal are related to the general SOS allegations in Plaintiff's Complaint. The ongoing state and federal investigations are also related to the claims alleged by Plaintiff. (*U.S. v. Finnigan*, 07 CR 634, Dkt 1.) Accordingly, this civil action involves the same subject matter as the criminal investigation.

#### 2. The Two Actions are Not Both Brought by the Government.

---

[2] Courts apply the factors in various enumerations, but, however grouped, the underlying considerations are consistent. *See e.g.*, *U.S. v. All Meat and Poultry Products Stored at Lagrou Cold Storage*, 02 C 5145, 2006 WL 27119, at *2 (N.D. Ill. Jan. 4, 2006); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003); *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F.Supp.2d 935. 938 (N.D. Ill. 2002); *Cruz v. County of DuPage*, No. 96 C. 7170, 1997 WL 370194, at *2 (N.D. Ill. June 27, 1997). To simplify the consideration of these factors, we apply them as they are listed in the plaintiff's response to the defendants' motions to stay.

This factor is not an issue in this case as neither Cook County nor the federal government is a party to the civil proceeding.

### 3.    The Criminal Proceedings and Investigations are Ongoing.

Several of the defendant officers are currently facing criminal charges, federal, state, or both. Also, criminal investigations are ongoing at both the federal and state level. (*U.S. v. Finnigan*, 07 CR 634, Dkt 1 at 3: "there is a federal investigation into the activities of the Special Operations Section.".) The ongoing nature of the criminal proceedings, including prosecuting agencies' continuing investigation of SOS allegations, supports staying this case to avoid interfering with or compromising the criminal inquiries and prosecutions.

### 4.    A Stay Would Not Prejudice Plaintiff.

Plaintiff cannot demonstrate irreparable harm or prejudice if the Court grants a stay. Plaintiff claims that a stay, as to the City, would prejudice him because the Chicago Police Department's policy is to destroy OPS complaints after five years. Plaintiff is incorrect and the City affirmatively states it is not destroying OPS files. Indeed, plaintiff could benefit from a stay because if the defendant officers go to trial and are found guilty, as plaintiff believes "is likely" (Pltf.'s Resp. 5.), collateral estoppel could obviate plaintiff's need to prove certain allegations.

### 5.    Not Issuing a Stay Would Prejudice the City.

Plaintiff is seeking to hold the City liable based on underlying allegations related to events occurring on November 1, 2005. It is essential to the City that all parties to the alleged events testify and provide substantive responses to discovery. Contrary to the interests of the City and outside its control, the likely and potential assertions of the Fifth Amendment by the individual defendant police officers will deprive all defendants of the testimony of the main witnesses in this case during discovery. Under such a scenario, plaintiff would be the only party to testify as to the underlying incidents; <u>none</u> of the defendant police officers would present their

5

side of the events. The first element of plaintiff's *Monell* claim against the City is to prove that plaintiff was a victim of a constitutional violation. If there is no constitutional violation, plaintiff cannot recover as a matter of law. The individual police officer defendants' testimony would be of paramount importance on the issue of whether or not there was a constitutional violation. The absence of the individual defendants' testimony will operate to provide only one side of the story. It would be unfairly prejudicial to the City to proceed under these circumstances.

### 6. A Stay Would Promote Important Public Interests.

A stay of the civil case will promote several important public interests. It will vindicate the public's interest in seeing that the protections afforded by the Fifth Amendment are safeguarded. *See*, *e.g.*, *Jones*, 216 F.R.D. at 452 (noting the public's "important interest" in "untainted" criminal prosecutions); *Ex parte Coastal Training Inst.*, 583 So. 2d 979, 981 (Ala. 1991) ("[Courts] must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding."). Also, a stay will promote the public's interest in ensuring that civil disputes, including plaintiff's, are fairly decided on a full factual record. *Cf. Edwards v. Atrium Village*, 127 F.R.D. 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having [an] issue decided on the basis of a full factual record").

On the criminal side, a stay against all defendants would promote the public's interest in untainted criminal prosecutions. Gathering evidence of any misconduct by SOS officers threatens the interests of the federal and state criminal prosecutors who are investigating the defendants and other SOS officers. *See United States v. Michelle's Lounge*, No. 91 C 5783, 1992 WL 194652, at *5 (N.D. Ill. Aug. 6, 1992) (finding that "conducting civil discovery while the related criminal investigation is continuing would compromise that investigation."). The prosecution and further criminal investigation into conduct of SOS officers undoubtedly depends on a number of undisclosed witnesses. The exposure of witnesses not previously known would

therefore compromise the criminal proceedings. Such exposure could result from discovery related to claims against the City as easily as it could result from discovery related to claims against the defendant officers. Proceeding with discovery against any defendants would present a risk to the prosecution's universe of potential witnesses. *Drake v. City of Chicago, et al.*, No. 06 C 6893, at 9 (order granting stay, Ex. 2.).

Finally, a stay would promote the public interest in efficient use of judicial resources. The stay may reduce the scope of discovery necessary in this case or otherwise simplify the issues, and remove the burden of numerous privilege issues that are likely to arise if discovery proceeds. Should defendants or witnesses invoke their Fifth Amendment privilege and later waive it, a stay would also eliminate duplicative depositions. With all individual defendants in this case likely asserting their privilege, a stay could avoid a substantial amount of unnecessary discovery, unnecessary judicial rulings, and unnecessary disputes of fact.

Proceeding with discovery against the City only would not avoid the risk of waste and prejudice. Courts have rejected requests to stay cases as to some but not all defendants as wasteful of judicial resources and prejudicial to the defendants who are not asserting the Fifth Amendment. *Bruner Corp. v Balogh*, 819 F. Supp. at 816; *see United States v. All Meat and Poultry Products*, No. 02 C 5145, 2003 WL 22284318, at *4 (N.D. Ill. Oct. 3, 2003) ("as here, where the indicted individual defendants appear to be central figures in both the civil and criminal proceedings, courts have determined that the better course is to enter a stay as to all defendants."). As Judge Kendall held in granting a stay in another SOS related case, "it does not appear that it would make sense in terms of conserving judicial resources to carve out certain defendants for discovery." *Castro v. City of Chicago, et al.*, 07 C 931, at 3 (N.D. Ill. August 21, 2007) (order granting stay, Ex. 3.). Because the discovery related to claims against the City and

7

the subject of the criminal investigations and indictments overlap, proceeding with any area of discovery in this case would be against the public interest.

## CONCLUSION

Because the relevant factors weigh in favor of a stay of discovery against all defendants in this case, Defendant City of Chicago respectfully requests that this Court stay this matter pending resolution of the criminal charges against defendants Finnigan, Herrera, Hopkins, and Villereal and the resolution of the ongoing criminal investigation into the conduct of other SOS officers.

Dated: January 11, 2008                                    Respectfully submitted,


                                                           s/ Daniel M. Noland (ARDC No. 6231175)
Terrence M. Burns                                          One of the Attorneys for Defendant
Daniel M. Noland                                           City of Chicago
Molly E. Thompson
Dykema Gossett PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
312.876.1700
312.627.2302 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2008 I electronically filed the foregoing **Motion to Stay** with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to:

| | |
|---|---|
| Lawrence V. Jackowiak<br>Law Offices of Lawrence V. Jackowiak<br>20 North Clark Street<br>Suite 1700<br>Chicago, Illinois  60602<br>(312) 795-9595 | Joseph V. Roddy<br>Law Office of Joseph V. Roddy<br>77 West Washington Street<br>Suite 1100<br>Chicago, Illinois  60602<br>(312) 368-8220 |
| Geri L. Yanow<br>City of Chicago<br>Department of Law<br>30 North LaSalle Street<br>Suite 1400<br>Chicago, Illinois  60602<br>(312) 744-2837 | Phillip J. Oliver<br>Law Office of Robert D. Kuzas<br>222 North LaSalle Street<br>Suite 200<br>Chicago, Illinois  60601<br>(312) 654-8856 |

s/Daniel M. Noland (ARDC No. 6231175)
Daniel M. Noland

CHICAGO\2411849.1
ID\METH