IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTO GARCIA, | ) | |
| Plaintiff, | ) | No. 07 C 6138 |
| | ) | |
| Vs. | ) | Judge Marvin E. Aspen |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge Denlow |
| Defendants. | ) | |

## REPLY IN SUPPORT OF MOTION TO STAY

Defendants, Timothy Parker, Paul Zogg, Donovan Markiewicz, Joel Gonzalez, Stephen Del Bosque, by one of their attorneys, Tiffany Y. Harris and Joel Sandoval Assistant Corporation Counsel for the City of Chicago, reply in support for their motion to stay.

Plaintiff responds collectively to various motions to stay. Margaret Hopkins', a previously indicted officer and defendant in this matter, reply in support of her motion to stay has already been timely filed. See Document 41. Plaintiff's response revolves around the likelihood of Defendants being indicted in ongoing federal and state investigations concerning former members of the bygone Special Operations Section of the Chicago Police Department. Specifically, Plaintiff's response attacks the "potential" for self incrimination and cites the D.C. circuit, the 5th, 7th, 8th, 9th, and 11th circuit for various legal authority. The following factors are outlined and discussed by plaintiff as several factors to be considered when determining whether to stay civil proceedings:

(1) Whether the two actions involve the same subject matter;

(2) Whether the two actions are brought by the government;
(3) The posture of the criminal proceeding;
(4) The Plaintiff's interests and possible prejudice to the Plaintiff;
(5) The burden that may be imposed on the Defendant; and
(6) The public interest at stake.

Defendant now replies.

### (1) Whether the two actions involve the same subject matter.

Defendant's and plaintiff agree that the two actions involve the same subject matter. Generally, the issue would be whether or not the incident described in the complaint is presently or specifically the subject of the ongoing criminal investigation. Since Plaintiff does not contest the issue here, defendants agree that the allegations in the complaint are sufficiently similar to the indictments to militate in favor of a stay. See *Doe v. City of Chicago*, 360 F. Supp 2d 880, 881 (N.D. Ill. 2005).

### (2) Whether the two actions are brought by the government.

Plaintiff correctly states that the two actions are not brought by the government. However, plaintiff quickly and erroneously concludes that this factor weighs against the stay. Plaintiff states that the "judicial concern is that the government may try to take advantage of the broader rules of civil discovery to obtain information for a criminal proceeding" citing *S.E.C. v. Dresser Industries*, Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980). See *pltf' s resp.*, p 5. The court in S.E.C., however, states:

> "Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16 (b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case.

*S.E.C. v. Dresser Industries*, Inc., 628 F.2d 1368, 1376 (D.C. Cir. 1980) Also see *Cruz v. County of Dupage*, 1997 WL 370194, at *2 (N.D. Ill. 1997). Additionally, numerous district courts have found that a stay is warranted where the civil suit is brought by a private party. *Cruz v. County*

*of Dupage*, 1997 WL 370194, at *3 (N.D. Ill. 1997).

In *Cruz*, seven current and former police officers and employees of DuPage County Illinois had been indicted for their actions related to the investigation and prosecution of a murder in February 1983. While awaiting criminal prosecutions, plaintiffs filed civil rights lawsuits against five of the indicted individuals. For various reasons, including the acknowledgment that numerous district courts have found that a stay is warranted where the civil suit is brought by a private party, the court exercised its discretion to stay discovery until the completion of the criminal trials of the individual defendants. Id at *4. Here, as in *Cruz*, there are both indicted and unindicted defendants. Investigations into the alleged misconduct reflected in the civil complaint are ongoing by both federal and state officials. Furthermore, there is no indicia of agency bad faith or malicious governmental tactics that would militate in favor of not staying this proceeding. Therefore, for the reasons stated, the civil proceedings should be stayed until the criminal proceedings have concluded.

### (3) The posture of the criminal proceeding.

Plaintiff concludes that since "criminal proceedings will likely take years to complete, this factor weighs heavily against the stay". See *pltf's resp*. p 5. Plaintiff proffers no legal authority for this conclusion. Plaintiff does state that the "...the United States Attorney's Office is also going to bring charges against the SOS officers" *(presumably the non-indicted co-defendants in this matter)*. Id. *Italics added*. That statement, if true, favors a stay of the civil proceedings.

In Cruz, it was determined that criminal trials related to the indicted defendants would not take place until "sometime next year", and that such posture suggests that a stay of discovery was appropriate. *Cruz v. County of Dupage*, 1997 WL 370194, at *3 (N.D. Ill. 1997). The court went on to state where a stay has been denied, there had been a *threat* of indictment to the civil

litigants. Id. However, since five of the civil defendants had already been indicted in criminal proceedings, a stay would be appropriate. This case, with both indicted co-defendants and unindicted co-defendants, presents itself similarly to the defendants in *Cruz*, and thus, a stay would be appropriate.

Federal investigators and federal prosecutors have not divulged much information other than the fact that the investigation is ongoing. There are both indicted co-defendants and unindicted co-defendants and this court cannot be certain as to whether which co-defendants are targets or cooperators with the investigation. This uncertainty weighs in favor of a stay. Moreover, there is substantial potential that the civil action will interfere with the criminal process. Thus, defendants pray the civil proceedings be stayed until the criminal proceedings have concluded.

**(4) A Stay of the Proceedings Will not Result in any Prejudice to the Plaintiff**

Plaintiff asserts that a stay of the civil proceedings in this case would result in unfair prejudice to the plaintiff because there is a perceived danger that funds may not be available to pay any civil judgment that may be entered in favor of the plaintiff and that memories as to the facts surrounding the lawsuit may fade over time. However, this is not a realistic view of the case as it currently stands.

With respect to the availability of funds for any potential judgment of the plaintiff, there is never a guarantee that a defendant will be solvent in order to satisfy money judgments to potential plaintiffs. Defendants have the option to file for bankruptcy, insurance may not be available and there are a host of other reasons that a money judgment may not be paid. Lack of potential funds at the conclusion of a lawsuit, has never been the basis to expedite discovery in a lawsuit and forego the rights of the parties guaranteed by law. The Defendants are entitled to a fair trial and have right

not only to execute their right to take the 5th Amendment but to also to be heard at some point to defend the accusations against them in the civil matter. That the plaintiff should be able to force the case to proceed in the face of potential criminal indictments at both the state and the federal level for the purpose of obtaining financial gain is wholly prejudicial to the Defendants and completely disregards the Defendants' constitutional rights.

　　　　Plaintiff's argument that a stay may result in the destruction of and loss of evidence as well as fading memories and possible witness relocation is not entirely correct either. The City of Chicago has affirmatively stated that they are not destroying OPS files, (Please see Motion of the City of Chicago to Stay). In addition, there are numerous documents regarding the incidents involved in the instant matter and there will be extensive discovery in the criminal matter as well as depositions that will preserve any issues in relation to the plaintiff. In fact, the Plaintiff could benefit from a stay because if the defendant officers go to trial and are found guilty, as plaintiff believes "is likely" (Plaintiff's Response .5.) Collateral estoppel could obviate plaintiff's need to prove certain allegations.

### (5) The Defendants would be Unduly Prejudiced if a Stay is Not Issued and the Burden Imposed on the Defendants by Lack of a Stay Would be Great

　　　　Plaintiff's efforts to force the litigation of the civil matter prior to the conclusion of the criminal matters at issue with respect to the Defendants places the Defendants in the difficult and untenable position of choosing between their right to exercise their absolute right to take the 5th Amendment to avoid self-incrimination or foregoing their right to present a defense in the civil matter at issue in the instant case. It is essential to the defense in the civil matter that all parties to the alleged events testify and provide substantive responses to discovery. Otherwise, the plaintiff

is the only party to testify as to the underlying incidents in the civil matter and the Defendants are foreclosed from presenting their version of the events and prevented from presenting an adequate defense in this civil matter. In effect the plaintiff could make any sort of allegation and the Defendant would be unable to refute such allegations which would then be accepted as truth by potential finder of fact. The only other solution for the Defendants would be to waive their right to take the 5th Amendment and testify in an attempt to defend the civil matter but any testimony by the Defendants could subject the Defendants to a State or Federal Indictment. This is clearly unduly prejudicial to the Defendants and the burden of requiring the Defendants to possibly subject themselves to an indictment which could result in a loss of freedom is far to great.

### (6) A Stay Would Promote Important Public Interest

A stay of the civil case will promote several important public interests. It will vindicate the public's interest is seeing that the protections afforded by the Fifth Amendment are safeguarded, *See e.g. Jones,* 216 F.R.D. at 452 (noting the public's important interest in "untainted" criminal prosecutions) *Ex Parte Coastal Training Inst.,* 583 So.2d 979, 981 (Ala. 1991) ("Court's must favor the constitutional privilege of against self-incrimination over the interest in avoiding the delay of a civil proceeding"). Also, a stay will promote the public's interest in ensuring that civil disputes, including plaintiff's, are fairly decided on a full and factual record, *Cf. Edward v. Atrium Village,* 127 F.R.D 494, 499 (N.D. Ill. 1989) (noting the "important public interest in having an issue decided on the basis of a full factual record").

Judge Kennelly has recently ordered a stay in the case of Chagolla v. City, 07 C 4557 finding that there is relationship between the civil and criminal matters because the pending federal criminal charge against Finnigan and the ongoing investigation while not quite so closely related are still close given the potential that Chagolla might seek to use other similar events as evidence to support

his claims against the individual defendants and the near certainty that he will attempt to use other similar events to support his *Monell* claim (Memorandum dated January 2, 2008, Judge Kennelly, pg. 7).

Judge Kennelly also noted that while the government is not a party in both cases which on its face might seem to weigh against a stay, the pendency of a parallel criminal and civil matters poses the related risk of giving persons who have been accused criminally or whose conduct is under investigation the ability to use the civil discovery process to ferret out the particulars of the prosecuting authorities' case against them, an opportunity they would not have if no civil case were pending. Judge Kennelly specifically ruled that "the parties submissions and the criminal complaint charging Finnigan give reason to believe that certain police officers with potential involvement in misconduct by the SOS unit may be cooperating with the state and/or federal prosecuting authorities. If discovery proceeds, the individual defendants who are under indictment or investigation but are not cooperating could use the discovery process to learn about the cooperation of others. One of the defendants, Finnigan, is already facing federal criminal charges for the alleged efforts to do harm to a fellow officer or officers that he believed were cooperating with authorities. The interests of any such officer in avoiding, at least for the time being, awareness of his or her cooperation is significant and worthy of consideration.

With respect to the posture of the criminal proceedings, Judge Kennelly ruled that while the criminal proceedings are at a relatively early stage, the fact that some of the defendants face pending criminal charges weighs in favor of a stay.

More importantly, the Judge noted that the public has an interest in ensuring that the criminal process can proceed untainted by civil litigation and concluded that "the possibility that the orderly progress of the criminal cases and investigations - particularly those involving the exact same

incidents at issue in the present case - will be hindered by issues that could arise from ongoing civil discovery is significant enough to be worthy of consideration."

With respect to the criminal case, a stay against all the defendants would promote the public's interest in untainted criminal prosecutions. Gathering evidence of any misconduct by SOS Officers threatens the interests of the federal and state criminal prosecutors who are investigating the defendants and other SOS Officers, *See United States v. Michelle's Lounge,* No. 91 C 5783 1992 WL 194652 (N.D. Ill. Aug. 6, 1992) (finding that "conducting civil discovery while the related criminal investigation is continuing would compromise that investigation").

Judge Kennelly also agreed that the burden imposed on the defendants regarding any particular aspect of the civil litigation is a very important factor in favor of a stay ruling "any individual defendant who is forced to respond to discovery will be faced with the choice of whether to claim or waive the privilege against self-incrimination. As the Court has suggested, the likelihood is overwhelming that each of the defendants faced with that choice will claim the privilege and thereby face the risk that Chagolla will use the privilege invocation to help prove the defendant's liability. Specifically the Court explained that "In the Court's experience, it is not at all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer. Though a person who claims the privilege in such circumstances and then has it used against him in a parallel civil case ordinarily is given the chance to explain his invocation of the privilege, the finer points of risk-aversion as it relates to criminal defense practice easily can be lost on lay jurors. A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy. This in the Court's view, is a factor in favor of a stay.

In addition, a stay would promote the efficient use of judicial resources by preventing the potential for duplicative discovery and depositions. A stay would simplify the issues and avoid the unnecessary d ispute of facts in the civil matter which would only lead to long and protracted discovery and a waste of the Court's resources. As Judge Kendall held in granting a stay in another SOS related case, "it does not appear that it would make sense in terms of conserving judicial resources to carve out certain defendants for discovery", *Castro v. City of Chicago, et. al.* 07 C 931, at 3 (N.D. Ill. August 21, 2007). Due to the fact that any potential discovery in both the criminal matters as well as the civil matters would overlap, the public interest favors a stay in the civil proceedings.

Respectfully submitted,

/s/ Joel Sandoval / Tiffany Y. Harris

JOEL SANDOVAL

TIFFANY HARRIS

Assistant Corporation Counsel

30 N. LaSalle Street

Suite 1400

Chicago, Illinois 60602

(312) 742-9586

(312) 744-6566 (Fax)

Atty. No.6238533